IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1996 SESSION



**FILED**

**July 25, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,    )
        )
      Appellee,    )    No. 02C01-9512-CR-00363
        )
        )    Shelby County
v.        )
        )    Honorable Arthur T. Bennett, Judge
        )
DAVID LEWIS,    )    (Denial of Probation)
        )
      Appellant.    )

For the Appellant:

Marvin E. Ballin
Mark A. Mesler
200 Jefferson Avenue
Suite 1250
Memphis, TN 38103

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
    and
Cyril V. Fraser
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti, Jr.
District Attorney General
    and
Jennifer Nichols
Assistant District Attorney General
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, David Lewis, appeals as of right from the trial court's order denying him probation. The defendant was convicted upon guilty pleas in the Shelby County Criminal Court of attempted theft over one thousand dollars, a Class E felony, two counts of theft over five hundred dollars, a Class E felony, two counts of theft under five hundred dollars, a Class A misdemeanor, and unlawfully carrying a weapon, a Class C misdemeanor. Pursuant to a plea agreement, he was sentenced as a Range I, standard offender to an effective sentence of two years in the Memphis County Correctional Facility with the court to determine the manner of service. The sole issue for our review is whether the trial court erred by denying the defendant's request for probation.

The record reflects that the defendant offered his services as a repairman to each of the victims of his crimes between January 30, and March 5, 1994. In one instance, the defendant was blamed for causing the damage that needed repair. In another, he was accused of taking a box that contained a thousand dollars from a house he had entered to give an estimate on some work that needed done. In the other theft cases, the defendant was charged with accepting money for his services without ever completing them. The defendant was charged with unlawfully carrying a weapon because of a pistol he had in his car at the time of his arrest.

At the hearing on his motion for a suspended sentence, the defendant denied any wrongdoing. However, he admitted that he did not complete all the work he had agreed to do and said that he felt like he owed money back to some of the victims. In denying probation, the court noted the defendant's criminal history and that all of the victims were elderly and concluded that confinement was necessary to deter others and to avoid depreciating the seriousness of the offenses.

2

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d) and -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court follows the statutory sentencing procedure, makes findings of fact that are adequately supported in the record, and gives due consideration and proper application of the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Although probation must be automatically considered, the defendant is not entitled to probation as a matter of law. See T.C.A. § 40-35-303(b); Sentencing Commission Comments to T.C.A. § 40-35-303; Fletcher, 805 S.W.2d at 787. However, as the defendant does not meet the description of one who should be given first priority regarding a sentence involving incarceration under T.C.A. § 40-30-102(5), and has been convicted of Class E felonies as a standard offender, he is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(6).

In this respect, the presumption in favor of alternative sentencing may be rebutted if any of the following factors outweigh the defendant's rehabilitative capabilities: (1) "confinement is necessary to protect society by restraining the defendant who has a long history of criminal conduct," (2) "confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or (3) "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); Fletcher, 805 S.W.2d at 787-88.

In this case, the record supports the trial court's decision to deny probation. By committing five theft-related offenses over a two-month period, the defendant demonstrated a sustained intent to violate the law. See State v. Byrd, 861 S.W.2d 377, 380 (Tenn. Crim. App. 1993). Throughout the sentencing hearing, the defendant denied any wrongdoing, and the trial court questioned his truthfulness.[1] The defendant's untruthfulness and unwillingness to accept responsibility for his actions bode poorly for his rehabilitation. See U.S. v. Grayson, 438 U.S. 41, 52, 98 S. Ct. 2610, 2616 (1978); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); Byrd, 861 S.W.2d at 380. In our view, the defendant's lack of candor coupled with the circumstances of the offenses justify the denial of probation.

Accordingly, the judgment of the trial court is affirmed.

_____Joseph M. Tipton, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
Jerry L. Smith, Judge

---

[1] We note that the guilty plea hearing is not part of the record on appeal. Often, evidence of the circumstances surrounding the offenses and the defendant's view of his culpability are presented at that hearing. Thus, potentially relevant trial court records are not before us when we are asked to review the significance of the defendant's claims of innocence and the trial court's view of those claims at the sentencing hearing.