## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### MAY 1998 SESSION

FILED

July 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | |
| | **)** | **C.C.A. NO. 02C01-9707-CR-00285** |
| Appellee, | **)** | |
| | **)** | **SHELBY COUNTY** |
| VS. | **)** | |
| | **)** | **HON. CAROLYN WADE BLACKETT,** |
| **SHELLY S. PERRY,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Denial of Probation) |


FOR THE APPELLANT:                     FOR THE APPELLEE:


**TIMOTHY JOEL WILLIAMS**               **JOHN KNOX WALKUP**
147 Jefferson, Ste. 909                Attorney General & Reporter
Memphis, TN 38103
        (On Appeal)                    **DOUGLAS D. HIMES**
                                       Asst. Attorney General
**ALYSON CHENSASKY**                    John Sevier Bldg.
142 N. Third                           425 Fifth Ave., North
Memphis, TN 38103                      Nashville, TN  37243-0493
        (At Trial)
                                       **WILLIAM L. GIBBONS**
                                       District Attorney General

                                       **JAMES CHALLEN**
                                       Asst. District Attorney General
                                       201 Poplar St., Suite 301
                                       Memphis, TN 38103


OPINION FILED:_____



**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted on two counts of theft of property worth more than one thousand dollars ($1000) but less than ten thousand dollars ($10,000) and one count of theft of property worth less than five hundred dollars ($500). After entering a negotiated plea of guilty on all charges, the defendant was given an effective sentence of two years imprisonment. The defendant now appeals, arguing that the trial court should have granted her an alternative sentence in lieu of imprisonment. Finding no merit in the defendant's argument, we affirm.

In May 1996, while employed at Reed Jewelers, the defendant stole a total of approximately two thousand dollars ($2000) worth of jewelry on two separate occasions. She then gave her friends the jewelry to pawn, and they split the proceeds of the sale. In July 1996, the defendant was hired by Freiden Company, another jewelry store, for one to two weeks. During that time, the defendant stole jewelry on two or three occasions. Again, her friends pawned the jewelry and shared the proceeds. On August 26, 1996, the defendant entered a Shoe Carnival shoe store and shoplifted a pair of tennis shoes. The defendant was then arrested and indicted with three counts of theft.

Six months later, the defendant negotiated a plea with the State, agreeing to plead guilty in exchange for two concurrent two-year sentences for the two counts of theft over one thousand dollars ($1000) and one concurrent six-month sentence for theft under five hundred ($500). The defendant petitioned for suspension of her sentence, asking the court for probation in lieu of confinement. The cause proceeded to a sentencing hearing, at which the defendant testified.

2

According to the defendant, she had two small children and was four months pregnant with her third child at the time of the sentencing hearing. She admitted stealing jewelry from her employers and shoes from Shoe Carnival over a period of several months. She also admitted that while she was employed at one of the jewelry stores, she allowed her roommate to purchase jewelry with a stolen credit card. The defendant had no prior record and had been employed with a temporary agency for two weeks. At the time of the thefts, the defendant was experiencing difficult times in her life and had become involved with the wrong people, but she felt sorry for committing the thefts.

At the conclusion of the hearing, the trial court found that the defendant's testimony was "rehearsed," that she maintained a sustained intent to violate the law several times over a period of months, and that she was at the "center" of the offenses that were committed by her and her codefendants. Based on this, the trial court found that the defendant was not a favorable candidate for alternative sentencing and ordered her to serve her sentence in confinement.

The defendant now argues that the trial court erred in refusing to place her on probation or ordering some other type of alternative sentencing. It is undisputed that due to the nature of the crime committed, the defendant is presumed to be a favorable candidate for alternative sentencing under T.C.A. § 40-35-102(6). The record, however, shows that the State effectively rebutted this presumption.

The trial court found that the defendant's testimony during the sentencing hearing was "rehearsed," thus indicating that the trial court believed the defendant to be untruthful in her testimony. Untruthfulness indicates that the defendant lacks potential

3

for rehabilitation, and as such, it is a valid reason for denying probation. E.g., State v. Bunch, 646 S.W.2d 158 (Tenn. 1983); State v. Dykes, 803 S.W.2d 250 (Tenn. Crim. App. 1990). Moreover, the record supports the trial court's determination that the defendant was at the "center" of the offenses that were committed, indicating that the defendant was crucial to the thefts, and perhaps even suggesting that the defendant orchestrated them. Under the circumstances of this case, this determination is also probative of the defendant's potential for rehabilitation, making it too a valid reason for denying probation. Finally, by committing several thefts over a period of months, the defendant demonstrated a sustained intent to violate the law, another valid reason for denying probation. State v. David Lewis, C.C.A. No. 02C01-9512-CR-00363, Shelby County (Tenn. Crim. App. filed July 25, 1997, at Jackson); see State v. Byrd, 861 S.W.2d 377 (Tenn. Crim. App. 1993). Given these circumstances, the trial court was justified in denying the defendant alternative sentencing. The defendant's sentences are affirmed.

_____

JOHN H. PEAY, Judge

CONCUR:

_____

PAUL G. SUMMERS, Judge

_____

THOMAS T. WOODALL, Judge

4