IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2004

## STATE OF TENNESSEE v. DAVID LEE BELLAMY

**Appeal from the Criminal Court for Sullivan County**
**No. S47,546    R. Jerry Beck, Judge**

_____

**No. E2003-02936-CCA-R3-CD- Filed August 31, 2004**

_____

The appellant, David Lee Bellamy, plead guilty to violation of an habitual traffic offender order, two counts of reckless aggravated assault, four counts of reckless endangerment, driving under the influence, driving under the influence, fourth offense, improper passing, and driving left of center, with the sentence to be determined by the trial court.  After a sentencing hearing, the trial court sentenced the appellant to an effective sentence of twelve years.  Unsatisfied with the denial of alternative sentencing, the appellant now appeals.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, J. joined and JAMES CURWOOD WITT, JR., J., filed a concurring opinion.

Julie A. Rice, Knoxville, Tennessee, for the appellant, David Lee Bellamy

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Greeley Wells, District Attorney General; and Rebecca Davenport, Assistant District Attorney General,  for the appellant, State of Tennessee.

**OPINION**

Factual Background

In April of 2003, the Sullivan County Grand Jury issued a presentment charging the appellant with eleven counts arising out of a multiple vehicle collision that occurred on March 5, 2003, in Kingsport, Tennessee.  The appellant was indicted on two counts of reckless aggravated assault, four counts of reckless endangerment, driving under the influence, driving under the influence, fourth offense, violation of a habitual traffic offender order, improper passing, and driving left of center.  The appellant plead guilty to all charges.  In conjunction with the plea agreement the State agreed to: (1) allow the appellant to be sentenced as a Range I, standard offender; (2) not seek a violation

of probation charge for the appellant's existing probation in General Sessions Court; and (3) not to seek more than the minimum 150 days in jail on the felony DUI offense.

At the plea hearing, the prosecutor stated that if the case had gone to trial, the State would have proven that on March 5, 2003, Kingsport Police Officer Burke Murray responded to a multiple vehicle collision on Moreland Drive at the intersection of John B. Dennis Highway. Upon his arrival, Officer Murray spoke with two witnesses who explained that traffic traveling westbound on Moreland Drive was stopped due to construction under John B. Dennis Highway. The roadway was shut down to one lane and, at the time of the accident, the eastbound traffic was moving through the construction area. A maroon Chrysler traveling westbound came around on the wrong side of the road, struck a pick-up truck traveling eastbound and then struck four other cars stopped in the construction zone. The appellant was identified as the driver of the Chrysler. When Officer Murray approached the appellant, he had a strong odor of alcohol on his breath and was very unsteady on his feet. The officer determined that the appellant's driver's license had been revoked as an habitual offender in an order from Sullivan County dated 1989. The passenger in the vehicle was injured and also appeared to be extremely intoxicated. Neither the appellant nor the passenger could remember what transpired immediately prior to the accident. Several people were injured in the collision. The appellant was arrested and a blood alcohol test revealed that his blood alcohol level was .30 at the time of the accident.

After the trial court accepted the plea, a separate sentencing hearing was held at which the trial court sentenced the appellant to two years for the violation of an habitual traffic offender order, four years for each of the two counts of reckless aggravated assault, two years for each of the four counts or reckless endangerment, two years for the fourth offense driving under the influence, thirty days for improper passing, and thirty days for driving left of center. In imposing the sentence, the trial court found that the catch-all mitigating provision of Tennessee Code Annotated section 40-35-113 should apply due to the appellant's remorse and desire to make restitution. However, the trial court found this mitigator to be outweighed by the appellant's prior criminal convictions and criminal behavior. The trial court found two multiple offender factors applicable to the appellant and therefore found that consecutive sentencing was appropriate. The trial court ordered that the two-year habitual traffic offender violation, each four-year conviction for reckless aggravated assault, and the four, two-year convictions for reckless endangerment should run concurrently to each other but consecutively to the habitual traffic offender violation and two reckless aggravated assault convictions, for a total effective sentence of twelve years. All other charges were ordered to be run concurrently. The trial court denied any alternative sentencing.

The appellant filed a timely notice of appeal in which he challenges the trial court's sentencing determination.

Sentencing

The appellant argues on appeal that the trial court erred by denying him alternative sentencing. Specifically, he alleges that the trial court ignored his potential for rehabilitation and the

presumption of alternative sentencing. The appellant does not challenge the trial court's decision to order consecutive sentences or the trial court's application of enhancement and mitigating factors. The State counters that the record reflects that the trial court properly sentenced the appellant.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

In regards to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration .

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Id. § 40-35-102(6). Furthermore, unless sufficient evidence rebuts the presumption,"[t]he trial court must presume that a defendant sentenced to eight years or less is an offender for whom incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a). In this case, the appellant was convicted of: (1) violation of an habitual traffic offender order, a Class E felony; (2) two counts of reckless aggravated assault, a Class D felony; (3) four counts of reckless endangerment, a Class E felony; (4) DUI, fourth offense, a Class E felony; and (5) DUI, a Class A misdemeanor. As a Range I, standard offender convicted of and sentenced to less than eight years for each of these offenses, the appellant was eligible for probation. See id. §§ 40-35-102(6), 40-35-303(a); Byrd, 861 S.W.2d at 379-80. The appellant's effective sentence is twelve years.

However, all offenders who meet the criteria are not entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 229, 235 (Tenn.

1986)).  Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C).  In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated § 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed."  Id. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).  The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation.  See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); see also State v. Bunch, 646 S.W.2d 158, 160-61 (Tenn. 1983); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); State v. Williamson, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); State v. Dowdy, 894 S.W.2d at 305-06.

In the case herein, the trial court held a rather lengthy sentencing hearing in which the appellant testified.  The trial court learned through the appellant's testimony and the pre-sentence report that the appellant had a long history of criminal conduct.  The appellant's criminal record contained seven DUI offenses, fourteen public intoxication charges, one habitual traffic offender violation, three assault and battery offenses, three disorderly conducts, four resisting arrests, one false report offense, six driving on a revoked license charges, one helmet law violation, one destruction of property, one failure to yield, one failure to stop at the scene of an accident, one possession of an open beer container, and one burglary of an automobile offense.  The appellant admitted that all of his problems with the law stemmed from his alcohol use and abuse but expressed serious remorse for his actions.

The trial court recognized that the appellant was presumptively eligible for probation or some other form of alternative sentencing.  However, the trial court denied alternative sentencing and commented:

> Now as to probation, although he's received a considerable sentence, the court still has to address the probation issue.  Although he has the presumption of probation, again, relying upon the sentence, the 1989 Criminal Sentence Reform Act factors, I'll try not to read it in, when I counted them up there's probably thirty-four (34) of them, but basically the defendant has a terrible record, prior attempts at rehabilitation have

-4-

been tried, which is set out in the presentence report.  The - - in addition, the defendant has previously been referred to Frontier.  It was described as Frontier.  The Court recognizes that to be Frontier Mental Health, which is the court-approved treatment resource that the Sessions Court uses and this Court.  He's been there before, has not been successful.  I think specifically he's been on, put on probation or parts of his sentence have been put on probation previously.  It's not deterred in the least his criminal activity, which is basically a lifetime situation.  I think that outweighs any favorable factors and there are favorable factors that favor probation in proper circumstances.

The defendant probably, except when he's drunk, seems to be, according to his family members, a nice guy.  He probably is and he has attempted to work and he's held construction jobs mainly.

Now, as to residential community corrections, this - - he suggested that when he testified that he would be an appropriate candidate.  Probably the reason the attorney urged it on the Court through questioning of the defendant was because [of] special needs where a person might not otherwise be eligible for probation, can be placed in a residential, in a community corrections.  We have in this county, sort of unique to this county, a residential community corrections called Hay House.  But the Court - - it does not seem it would be appropriate considering prior efforts at rehabilitation, prior efforts to get a hold of the alcohol problem have no[t] been successful.  The Court sees no hope that the community or the defendant would benefit from a community corrections sentence under special needs concepts.

We conclude that the trial court did not err in denying alternative sentencing.  The appellant's actions resulted in a multiple vehicle collision when his car crossed over to the wrong side of the road and struck a pick-up truck and four other cars stopped in a construction area.  Several people were injured, including the passenger in the vehicle the appellant was driving.  At the time of the accident, the appellant was driving on a revoked license and had a .30 blood alcohol level.  Further, rehabilitation of the appellant through measures less restrictive than confinement in the past have been unsuccessful.  He attended a twelve week outpatient program at Frontier Mental Health, has attended DUI classes and AA meetings.  Sadly, it appears that the previous treatment attempts have failed.  The appellant's long criminal history indicates that he has failed numerous times to receive treatment for his alcoholism and abide by the law.  The appellant has failed to demonstrate that the trial court's denial of alternative sentencing is improper.  The evidence does not preponderate against the trial court's sentencing determination.  Accordingly, the judgment of the trial court is affirmed.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE