IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2004

**STATE OF TENNESSEE v. AARON T. BINKLEY**

**Direct Appeal from the Criminal Court for Knox County**
**No. 78096      Mary Beth Leibowitz, Judge**

_____

**No. E2004-00739-CCA-R3-CD - Filed January 27, 2005**

_____

The defendant, Aaron T. Binkley, pled guilty to forgery, a Class D felony, and was sentenced as a Range One standard offender to two years in the Department of Correction. On appeal, the defendant argues that the trial court erred in denying him alternative sentencing. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Aaron T. Binkley.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Patti Cristil, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant pled guilty to the criminal offense of forgery, a Class D felony, in exchange for an agreed two-year sentence in the Department of Correction as a Range One standard offender. As part of the plea agreement, the defendant was allowed to apply for judicial diversion. At the sentencing hearing, however, the defense counsel withdrew the defendant's application for judicial diversion stating that "Mr. Binkley [was] not eligible for diversion due to the [criminal] charges in McMinn County." As a substitute for judicial diversion, defense counsel requested probation or enhanced probation, arguing that the defendant was an appropriate candidate for such alternative sentencing. However, during the course of the discussion, the court inquired as to the disparity between the defendant's denial of certain prior criminal convictions and the defendant's convictions listed in the presentence report. Attempting to clear up the confusion, the trial court asked the

defendant if certain convictions which occurred in 1990, 1994, and 1995 were his. The defendant responded, "[T]hat's not me, ma'am. I hadn't even had a speeding [ticket] in 13 years." Upon further inquiry, the defendant acknowledged the felony convictions reported in Sumner and McMinn Counties, but denied four convictions reported in Rhea County. Although the court was unable to verify the defendant's veracity regarding his denial of the Rhea County convictions, it was established that the defendant had a criminal history including a prior conviction for the sale of cocaine.

At the conclusion of the hearing, the court found that the defendant had not been truthful about his past criminal history, when reporting to his probation officer, while applying for judicial diversion, and when discussing his criminal history with the court. In addition, the court found that the defendant failed to report to court on two separate occasions, which resulted in the defendant being arrested and taken into custody. Consequently, the court concluded "that with [the defendant's] history and the charges he has . . . he is not eligible for probation or for enhanced probation," denied his request for alternative sentencing, and ordered the defendant to begin serving his two-year sentence in confinement.

## ANALYSIS

The defendant argues that the trial court erroneously determined that he was not entitled to alternative sentencing and contends that the court should have found otherwise. This Court's review of a challenged sentence is a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing guidelines and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999). If the trial court fails to consider the statutory sentencing guidelines, there is no presumption of correctness and review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). In contrast, if the trial court follows the statutory sentencing procedure and properly considers the factors and principles set forth in the sentencing guidelines, then this Court may not disturb the sentence, even if a different outcome is preferable. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In order to conduct a proper de novo review of the sentence, this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternative, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). However, it is important to note that it is the defendant's burden to show that the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, this presumption is unavailable to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. Id. § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). Sentencing issues must be determined according to the relevant facts and circumstances of each case. State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

A defendant is eligible for probation if the actual sentence imposed is eight years or less and the offense for which the defendant is sentenced is not excluded by statute. Tenn. Code Ann. § 40-35-303(a). Although probation is automatically considered for eligible candidates, it is the defendant's burden to establish his or her suitability for probation. Id. § 40-35-303(b). When determining the defendant's candidacy for probation, the court must consider the nature and characteristics of the offense, the defendant's criminal history, present circumstances including the defendant's mental and physical condition, the deterrence effect on the defendant, and the likelihood that probation will serve the best interest of the defendant and the public. Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974); State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999). A lack of candor and truthfulness may also militate against a grant of probation. Kendrick, 10 S.W.3d at 656; State v. Bunch, 646 S.W.2d 158 (Tenn. 1983).

In this case, the presentence report was not made a part of the record on appeal. When the appellate record is inadequate, the appellate court is precluded from considering the issue, and the trial court's ruling is presumed correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In determining a defendant's sentence, the trial court is required to consider the presentence report. Tenn. Code Ann. § 40-35-210(b)(2). From the transcript of the sentencing hearing, it appears that the trial court considered and relied upon the presentence report in making its findings. However, since the record does not include a presentence report, we are unable to review all evidence considered by the trial court in denying defendant's application for alternative sentencing and must conclusively presume that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d); State v. Matthews, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990).

We conclude that the trial court did not err in denying the defendant's request for alternative sentencing. The sentencing hearing transcript reflects that the trial court took into account the defendant's criminal history, other outstanding charges unrelated to the defendant's present offense, the defendant's failure to appear before the court on two occasions, and the defendant's untruthfulness when applying for alternative sentencing. These determinations presented by the available record strongly support the findings of the trial court. Accordingly, we conclude that the trial court was correct in denying the defendant alternative sentencing and affirm its judgment.

**CONCLUSION**

The judgment of the trial court is affirmed.

_____

J.C. McLIN, JUDGE