IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2006

## MARLON HAYES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County
No. 4532      Joseph H. Walker, Judge**

No. W2005-01026-CCA-R3-PC  - Filed April 19, 2006

The Appellant, Marlon Hayes, appeals the Tipton County Circuit Court's denial of his petition for post-conviction relief.  On appeal, Hayes collaterally challenges his guilty pleas for first degree felony murder and aggravated robbery upon grounds of ineffective assistance of counsel.  After review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Frank Deslauriers, Covington, Tennessee, for the Appellant, Marlon Hayes.

Paul G. Summers, Attorney General and Reporter; Jane L. Beebe, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Colin A. Campbell, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

In November of 2002, the Appellant was indicted for first degree felony murder, first degree premeditated murder, and especially aggravated robbery.  On December 3, 2003, the Appellant pled guilty to first degree felony murder and especially aggravated robbery, and he received an effective sentence of life plus twenty-five years.  He filed a *pro se* petition for post-conviction relief on September 3, 2004, alleging that he had been denied the effective assistance of counsel.  Following the appointment of counsel, an evidentiary hearing was held on April 1, 2005.  The post-conviction court denied relief by written order of April 4, 2005.  This appeal followed.

**Analysis**

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. T.C.A. § 40-30-110(f) (2003). To support a Sixth Amendment claim of ineffective assistance of counsel, the Appellant must establish that counsel's performance fell below the range of competence of attorneys demanded in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Id*. at 697, 104 S. Ct. at 2069. With a guilty plea, to satisfy the "prejudice" prong, the Appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)).

The Appellant frames his issue on appeal as follows: "[t]he trial court err[ed] by failing to find that trial counsel's advice to [him] to plead guilty to first degree murder and especially aggravated robbery was ineffective assistance of counsel." The Appellant argues that "[t]he fact the [Appellant] obtained no effective benefit from the plea is clearly evidence that the [Appellant] was prejudiced by the result of the trial representation." In support of this argument, the Appellant asserts, "[i]n effect, [Appellant] has a 77 year sentence. At the time of the hearing [Appellant] was thirty one years old. It is clear that the sentences in Tennessee for life with parole and life without parole are substantially the same when the [Appellant] is over 30 years old."

The Appellant testified at the post-conviction hearing that had he gone to trial, he "might have had a chance to get some lesser charge besides first-degree murder" and "would have got a chance to tell his side" of the story. Trial counsel testified that the evidence was overwhelming against the Appellant and that the State initially sought the death penalty. After the Appellant underwent a mental evaluation, it was determined he had an IQ of 69 and was mildly retarded. Trial counsel testified that he was able to negotiate a plea agreement with the State which included recommendation of life with parole for the first degree murder charge. Trial counsel testified he believed it was in the Appellant's best interest to accept the agreement. The proof also established that at the time of these offenses, the Appellant was on parole from Arkansas for felonies committed in 1993, 1995, and 1997.

Preliminarily, we are constrained to note that our review in this case is handicapped by the Appellant's failure to include in the record the transcript of the hearing of his guilty pleas to first degree murder and especially aggravated robbery. Additionally, the Appellant has failed to include the plea agreement form, the indictments for both offenses, the judgment of conviction for especially

aggravated robbery, and the transcript of the sentencing hearing which was conducted for especially aggravated robbery. When a party seeks appellate review, there is a duty to prepare a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983).

Notwithstanding these critical omissions and the lack of development of needed facts at the hearing, the post-conviction court's thoroughly prepared findings of fact provide relevant detail regarding the Appellant's convictions and the procedural history of the case. These findings are recited in part as follows:

> The facts of the case established that the [Appellant] murdered a 69 year old businessman at his place of business and set the body on fire. The fire department put the fire out. The body had trauma to the head and neck and throat. Blood was over the middle part of the office. The [Appellant] took a car from the business and was discovered with the vehicle. He was in possession of money with blood on it, which DNA analysis determined was the blood of the victim. The [Appellant's] wife gave consent to search the house and property of the victim was discovered in [Appellant's] house. The [Appellant] attempted to burn car keys from the victim's business.
>
> Blood of the victim was determined by DNA analysis to be on [Appellant's] clothes that he was wearing on the date of the murder.
>
> [Appellant] gave statements to officers. He was properly advised of the Miranda rights.
>
> The [Appellant] was indicted for Murder in the First Degree and Especially Aggravated Robbery. The state filed a notice of intent to seek the death penalty.
>
> Court appointed counsel negotiated a plea agreement to life for murder, with a sentencing hearing for especially aggravated robbery.

The findings further note that:

> On December 3, 2002, the [Appellant] entered guilty pleas to murder in the first degree and especially aggravated robbery. [Appellant] was sentenced to life for murder in the first degree by negotiated plea agreement. The [Appellant] was informed at the plea hearing the range of punishment for especially aggravated robbery, that there would be a separate hearing on that sentence, and that a determination would be made whether the sentence would be concurrent or consecutive. He stated he understood that.

There was a separate sentencing hearing, where the [Appellant] received a sentence of 25 years consecutive to the life sentence.

The Appellant's argument that his convictions should be vacated because he received no "benefit" from the plea agreement clearly is misguided. The validity of a defendant's guilty plea pursuant to a plea agreement is not measured by whether the defendant got a good deal or a bad deal or by whether the defendant subjectively believes he obtained an advantage over the State in the plea negotiations. "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed, a

> court charged with determining whether . . . pleas were 'voluntary' and 'intelligent' must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). Moreover, once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Stated another way, deficient performance, standing alone, irrespective of its egregiousness, is irrelevant to the challenge of a guilty plea, unless it can be established that the deficient performance is causally connected to the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas must be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. at 56, 106 S. Ct. at 369 (citing *North Carolina v. Alford*, 400 U.S. at 31, 91 S. Ct. at 164).

Following a defendant's plea of guilt, the defendant is not entitled to disown his solemn admissions in open court and under oath that he committed the crimes with which he was charged because it later develops that the State had a weaker case than thought, or because the defendant did not correctly assess every relevant factor entering into his decision to plead guilty, or, as here, because the Appellant wants to tell his side of the story and believes he could have gotten a better deal with a jury trial. *See generally Brady v. U.S.*, 397 U.S. 742, 757, 90 S. Ct. 1463, 1473 (1970). Indeed, the defendant's sworn statements and admissions of guilt stand as a witness against the defendant at the post-conviction hearing when the defendant disavows those statements.

In denying relief, the post-conviction court found:

> The Court finds that [trial counsel] provided adequate assistance; he met with petitioner and discussed the case, including possible sentences. The defense counsel

successfully fought the death penalty notice. The petitioner still faced the possibility of life without parole.

Petitioner failed to show any deficient performance by [defense counsel] or that he was prejudiced. He was adequately warned of the possibility of sentencing. The entry of a plea of guilty to avoid the risk of a greater sentence does not make a plea involuntary. Hicks v. State, 983 S.W.2d 240.

. . . .

The Court finds that petitioner has failed to establish the factual allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210. The petitioner has not shown that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. The petitioner has not shown that the services rendered or the advice given was below the range of competence demanded of attorneys in criminal cases. The petitioner has not shown that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

The Court finds that the [Appellant] knowingly and voluntarily entered a plea, that [Appellant] actually understood the significance and consequences of the plea and sentence. The Court finds that the [Appellant] was not coerced into entering a plea.

After review, we conclude the record does not preponderate against these findings.

**CONCLUSION**

Based upon the foregoing, we conclude that the post-conviction court properly denied the Appellant's petition for post-conviction relief. Accordingly, the judgment of the Tipton County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE