IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

**STATE OF TENNESSEE v. DAVID WAYNE GROSS**

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S59567, S59963      R. Jerry Beck, Judge**

**No. E2013-00589-CCA-R3-CD - Filed December 23, 2013**

The defendant, David Wayne Gross, appeals the sentencing decision denying him an alternative sentence. The defendant pled guilty to violating a habitual traffic offender order, two counts of theft over $1000, two counts of identity theft, two counts of forgery, and theft under $500. Pursuant to the plea agreement, the defendant received an effective four-year sentence and was allowed to petition the court for an alternative sentence. A hearing was held, after which the trial court ordered that the sentence be served in incarceration. After review of the record, we affirm the denial of alternative sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Stephen M. Wallace, District Public Defender; Joseph F. Harrison, Assistant Public Defender, for the appellant, David Wayne Gross.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Barry Staubus, District Attorney General; and James Goodwin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

The present appeal before this court involves two separate cases in which the defendant entered guilty pleas in the Sullivan County Criminal Court. The facts underlying the defendant's multiple convictions were set forth in the affidavits of complaint. At the guilty plea hearing, the defendant and the State stipulated that those facts were accurate and

supported the convictions. In case number S59567, the complaint read:

On 5/27/2011, I Officer Matthew Harkleroad, was traveling north on Volunteer Parkway and had just past [sic] the intersection of Century Blvd. and observed a vehicle attempting to exit the upper entrance only to Wal-Mart. I turned around to stop the vehicle before it entered into traffic causing a crash and to make sure that the driver was o.k. As I approached the vehicle I activated my emergency lights in front of the vehicle. My cruise[r] was placed in the slow lane of the south bound lane of travel. At that time I made contact with the driver and asked why he was exiting from the entrance only access. The driver now known as [the defendant] by the Tennessee identification he produced upon request and was checked and returned with a revoked habitual traffic offender status. [The defendant] advised he was going to back up however, I made contact with him before he could do so.

[The defendant] was arrested and charged with T.C.A. 55-10-616 driving while restricted habitual traffic offender and transported to the Sullivan County Jail without incident.

In case number S59963, the complaint states the underlying facts as follows:

On Aug. 9, 2011 I, Inv. Brian Hess, was assigned a case of theft of jewelry from 1104 Carolina Ave. The complainant, Kenny Gross, told me he thought his step-son, [the defendant], was who took his jewelry while he was living at Kenneth's residence and the amount totaled over $1000.

On Sept. 1, 2011 Vinnie Gross reported to the police dept. that her son [the defendant] had stolen her check book and wrote three checks without her permission. Two checks were wrote in Bristol Tn. and one in Bristol Va.

On September 19, 2011 I spoke with [the defendant]. [He] admitted to me that he had taken some of Kenneth's jewelry and pawned it and he had also used two of his mother's checks without her permission. [The defendant] told me he used one check at Belmont Package to purchase liquor. [He] told me that he signed his mothers name on both checks in Bristol, Tn.

Based upon these actions, a Sullivan County grand jury indicted the defendant for: (1) violating a habitual traffic offender order; (2) two counts of identity theft; (3) two counts of theft over $1000; (4) two counts of forgery; and (5) theft under $500. The defendant pled guilty to all offenses as indicted and received an effective sentence of four years, fines of

$1000, and restitution. The agreement specifically provided that he would be able to request an alternative sentence, which was to be determined by the trial court following a sentencing hearing.

A sentencing hearing was held on February 25, 2013, during which the trial court extensively reviewed the defendant's pre-sentence report, which was admitted into evidence. The court noted the defendant's prior criminal history, noting that it would not be considering some of the offenses, and that the defendant had twice had alternative sentences revoked. The court also reviewed the statements made by the defendant with regard to his physical and mental health, as well as his assertions of childhood abuse and molestation. The court also noted the defendant's extensive history with alcohol and multiple drugs, as well as his employment and family history.

The defendant also testified at the hearing. He stated that he was thirty-nine years old and currently resided with his parents, his fiancé, and their three-year old child. The defendant also related that he had three other children that he supported with what he could and saw very frequently. He further testified that he left school after the ninth grade, but he did receive his GED and attend a technical college. The defendant also acknowledged that he had not been formally employed by anyone since 2009, but he testified that he worked for himself doing small construction jobs, roofing, or lawn care.

The defendant stated that his physical health was not good because he had been unable to obtain the treatment he needed following two car accidents. He testified that he had problems with his neck, lower back, and teeth. The defendant acknowledged that he had attended mental health counseling to aid him in dealing with the abuse and molestation he suffered as a child. However, he acknowledged that he had voluntarily stopped attending because he did not feel like he was being helped.

The defendant also candidly acknowledged his history of drug and alcohol abuse. He stated he began drinking at age 14 and that alcohol had played a role in the majority of his prior criminal convictions. However, he also testified that he stopped drinking alcohol at least one year prior to the sentencing hearing. The defendant also acknowledged that he began using marijuana at age 11, and he later used cocaine, LSD, mushrooms, and morphine thereafter. He denied that he had recently taken any of these narcotics and stated that his drug of choice was suboxone. The defendant explained that this drug was obtained legally at various pain management clinics in the area. However, it became so expensive that he was unable to continue the treatment. Before he stopped treatment, the defendant had tried to cut the strips of suboxone in half and retain some for later usage. He acknowledged that he had taken some suboxone within one month of the sentencing hearing.

The defendant ended his testimony by noting that he was "done with alcohol." He further expressed remorse for the crimes he had committed and noted that he had never previously been charged with a crime involving theft or dishonesty. An addendum was added to the sentencing proof, which stated that when the defendant had been questioned by police in the case that he had been cooperative and provided information.

After hearing the evidence presented, the trial court concluded that: "The Defendant's presentence report is almost entirely negative. The unfavorable factors heavily outweigh any potential favorable factors." As a result, the trial court ordered that the sentence be served in incarceration. The defendant now appeals that decision.

**Analysis**

On appeal, the defendant contends that the trial court "erroneously interpreted and applied applicable law in denying [him] all forms of alternative sentencing." We disagree.

As an initial matter, we must note two errors which will require remand only for entry of corrected judgment forms. Two errors appear in the record, more specifically upon the judgments of convictions, entered by the trial court. In case number S59567 the judgment of conviction reads that the trial court imposed a one-year sentence, which was suspended to probation, for the violation of the habitual traffic offender order. In case number S59963, specifically Count 6, it reflects a conviction for forgery and a sentence of three years.

Our reading of the transcript of the sentencing hearing reveals a conflict with the information on those forms. The trial court was quite clear in its ruling that any form of alternative sentencing was being denied in both cases. Likewise, in case S59963 every indication in the record, from the guilty plea to the indictment to the transcript itself, all indicate that Count 6 was for theft of property over $1000, not forgery. The judgment does reflect the correct sentence; however, it denotes the wrong crime. Generally, when there is a conflict between the judgments of conviction and the transcript of the proceedings, the transcript controls. *State v. Crowe*, 168 S.W.3d 731, 735 n.1 (Tenn. 2005). As such, we must remand the case for entry of correct judgments of conviction to reflect the proper convictions and sentences.

Again, the only issue raised by the defendant is the denial of an alternative sentence. When an accused challenges the length, range, or manner of service of a sentence, this court will review the trial court's decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 683, 707 (Tenn. 2012). This presumption of reasonableness is granted to "within range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Id*. The standard

is also applicable to probation and alternative sentencing decisions. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).

In determining a defendant's specific sentence and the appropriate applicable sentencing alternatives, trial courts must consider the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b) (2010). The defendant has the burden of showing the impropriety of the sentence on appeal. T.C.A. § 40-35-401(d), Sentencing Comm'n Cmts. Because the 2005 amendments to the Sentencing Act gave trial courts broad discretion in sentencing, "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Bise*, 380 S.W.3d at 706. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption" of reasonableness in the trial court's sentencing decision. *Id*. at 705-06. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." *Id*.

Any sentence that does not involve complete confinement is an alternative sentence. *State v. Fields*, 40 S.W.3d 435 (Tenn. 2001). Tennessee Code Annotated section 40-35-102(6)(A) states that a defendant who does not require confinement under subsection (5) and "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]"

In determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

§ 40-35-103(1)(A)-(C). The principles of sentencing require the sentence to be "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed[,]" and "[t]he length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence [.]" T.C.A. § 40-35-103(5).

A trial court's determination of whether a defendant is entitled to an alternative sentence and whether a defendant is a suitable candidate for full probation are different inquires with different burdens of proof. *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Defendants convicted of crimes not specifically excluded by statute and receiving sentences of ten years or less are eligible for probation. T.C.A. § 40-35-303(a). However, no criminal defendant is automatically entitled to probation as a matter of law. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). Indeed, the defendant has the burden of establishing his or her suitability for full probation. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008). To do so, a defendant must demonstrate that probation will "subserve the ends of justice and the best interests of the public and the defendant." *Id*. at 347. When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. *State v. Kendrick*, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). Moreover, the Tennessee Supreme Court has held that truthfulness is a factor which the court may consider in deciding whether to grant or deny probation. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983).

Again, the defendant argues that the trial court abused its discretion by denying him all forms of alternative sentencing. He contends that the trial court "gave no weight to any evidence presented other than the [defendant's] record of prior convictions." In support of his argument, he points out the positive factors in his life such as his supportive relationship with his children and his obtaining his GED, that his record was mostly driving offenses, and his abstinence from alcohol. The defendant argues that it is not necessary that he be

restrained to protect society and that no evidence was presented to show his confinement would be a deterrent to others.

After reviewing the record, we disagree with the defendant's contention that the trial court relied exclusively upon his prior record in reaching the decision to deny an alternative sentence. Our reading of the court's statements reflect that the trial court said that the "presentence report is almost entirely negative. The unfavorable factors heavily outweigh any potential favorable factors." Granted the defendant's prior criminal history is one of those factors contained in the report; however, it is not the only factor. The report contained the circumstances of the offense, the defendant's social history, health questions, admitted drug abuse, prior revocations of probation, and other pertinent information. The trial court reviewed the report on the record, noting items from each section, and the favorableness or lack there of with regard to each. Additionally, the court clearly heard testimony from the defendant regarding the information contained in the report.

We conclude that no abuse of discretion occurred in the court's decision to deny the defendant an alternative sentence. The defendant has previously violated the conditions of an alternative sentence which he was given, has an extensive criminal history of prior convictions and admitted behavior, and committed crimes against his parents. Based upon all the facts contained within the record, we reject the defendant's contention to conclude that the trial court erred in reaching its sentencing decision.

## CONCLUSION

Based upon the foregoing, the denial of alternative sentencing is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE