**STATE of Tennessee, Plaintiff-Appellant,**

v.

**Jerry BUNCH, Defendant-Appellee.**

Supreme Court of Tennessee.

Feb. 14, 1983.

William M. Leech, Jr., State Atty. Gen., J. Andrew Hoyal, III, Asst. Atty. Gen., Nashville, for plaintiff-appellant.

Wayne A. Whitehead, Knoxville, for defendant-appellee.

## OPINION

DROWOTA, Justice.

The issue presented on appeal is whether the Court of Criminal Appeals erred in reversing the action of the trial court in denying the Defendant's application for suspension of sentence and probation.

The abbreviated record shows that a warrant was issued for the arrest of the Defendant, Jerry Bunch, on the charge of driving under the influence of an intoxicant on March 23, 1980. The case was heard in the general sessions court of Knox County on August 18, 1980, at which time the Defendant was found guilty of driving while intoxicated and fined $50.00 and sentenced to 48 hours in the Knox County Penal Farm, which sentence was suspended.

The Defendant appealed the fine and suspended sentence and a hearing *de novo* was held in the Criminal Court of Knox County on January 22, 1981. The Defendant pled not guilty and waived his right to a jury trial. The trial court found the Defendant guilty of driving a motor vehicle while under the influence of an intoxicant and fined him $50.00 and sentenced him to ten days in the Knox County Penal Farm. There is no transcript of the evidence of Defendant's trial. The Defendant was then referred to the Knox County probation officer for post-conviction investigation and judgment was reserved until March 20, 1981.

On March 20, a hearing was held on Defendant's application for probation. The trial judge denied the Defendant's application, stating in his order that "the Defendant lied under oath in the trial of this case and is therefore not entitled to probation." The Defendant appealed his denial of probation to the Court of Criminal Appeals.

The majority opinion of the Court of Criminal Appeals stated:

In the instant case, the reason the trial judge gave for denying the defendant's petition was because the trial judge felt the defendant lied under oath when the defendant stated he only had a beer and a half to drink and when the defendant stated the accident was caused because he fell asleep. The trial judge remarked, '[The defendant] still is taking the position that he is not guilty as far as I can see.'

We find this reason alone cannot support the denial of probation. The trial judge did not point to any fact or testimony to support his conclusion the de-

fendant lied under oath, nor did the trial judge state any other reason for denial of defendant's petition. The trial judge's other statements indicate he thought the defendant should not have wasted the Criminal Court's time by appealing the Sessions Court judgment and should have pled guilty to the lesser offense of reckless driving offered by the state prior to the Criminal Court trial.

The judgment is reversed, and the case is remanded to the trial court for the entry "of an order of probation to include 'such conditions of probation as the trial judge shall deem fit and proper,' " *Moten v. State,* 559 S.W.2d 770, 773 (Tenn.1979) [sic].

The statute authorizing probation and suspension of sentence declares: "The power of suspension and probation is within the sole discretion of the trial judge, ... The judgment of the trial court shall be presumed to be correct and shall not be reviewable upon appeal except for an arbitrary or capricious abuse of discretion." T.C.A. § 40–21–104(a)(1).

Reversing the trial judge, a majority of the Court of Criminal Appeals found that the trial court abused its discretion in denying the Defendant's application for probation. We granted the State's Rule 11 Application for Permission to Appeal in order to consider whether the trial judge did, in fact, abuse his discretion.

The dissenting opinion of Judge Allen Cornelius points out that "we do not have before us the trial testimony," and not having the full facts upon which the trial judge based his decision, "we are not in a position to evaluate his actions or sit in judgment upon his exercise of his statutory discretion." We are in full agreement with Judge Cornelius' conclusion.

■ The trial judge stated that "the Defendant lied under oath in the trial of this case and is therefore not entitled to probation." An appellate court is not authorized to substitute its judgment for that of the trial court when it is supported by evidence. *State v. Grear,* 568 S.W.2d 285, 286 (Tenn.1978). Here we have a conclu-

sion drawn by the trial court on the Defendant's credibility and truthfulness and we have no evidentiary record of the trial proceedings from which he drew his conclusion. The trial judge had the opportunity to evaluate the Defendant's testimony in the light of the other evidence presented in order to determine the issue of truthfulness. We have no way of knowing whether or not the record would support the trial judge's conclusion that "the Defendant lied under oath." It is the duty of the party seeking review of the action of the trial court to prepare a record sufficient to enable the reviewing court to determine if the discretion has been abused. In a case such as this, where the trial judge has predicated denial of probation upon Defendant's untruthfulness at trial, a reviewing court cannot determine if his discretion has been abused without a transcript of the evidence at trial.

As this Court succinctly stated in *Stiller v. State,* 516 S.W.2d 617, 622 (Tenn.1974), "A review of any discretionary action, at any stage of the proceedings, wholly depends upon full knowledge of all the attendant facts and circumstances." This Court concluded that in the absence of a substantial and significant portion of the record, which no doubt was persuasive upon the trial judge, we are not in a position to evaluate his actions.

■ We agree with the majority opinion that there is no rule in this State requiring a Defendant to admit his guilt in order to seek probation. *State v. Gautney,* 607 S.W.2d 907, 910 (Tenn.Cr.App.1980). If this had been the sole basis for the trial court's denial of probation, we likewise would have reversed the trial court. However, the primary reason given for denial of probation was the Defendant's untruthfulness. This is certainly a factor which the court may consider at a probation hearing. *State v. Poe,* 614 S.W.2d 403, 404 (Tenn.Cr.App. 1981). In *United States v. Grayson,* 438 U.S. 41, 50, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582, 589 (1978), the United States Supreme Court held that a defendant's false testimo-

ny, observed by the trial court during the trial, was probative in sentencing as having a bearing on a defendant's prospect for rehabilitation.

While not mentioned by the trial judge as a factor in denying probation, in a D.W.I. case, deterrence is certainly a ground which the trial judge could consider.[1]

At the conclusion of the probation hearing, the trial judge, in discussing the 10-day sentence, stated: "I don't want to cost him his job." We assume the trial judge would allow the Defendant to serve the 10-day sentence under conditions which would not interfere with his employment so as to avoid the Defendant's loss of his only source of income.

We do not find the trial court abused his discretion and the judgment of the Court of Criminal Appeals is accordingly reversed and that of the trial court affirmed.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.

---

1. The legislature recently increased the penalties for D.W.I., presumably to deter one driving a motor vehicle while under the influence of an intoxicant. See T.C.A. § 55–10–403.