**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JUNE SESSION, 1997**

FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9608-CC-00345** |
| | ) | |
| Appellee, | ) | |
| | ) | **COFFEE COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. BUDDY PERRY** |
| **ARTHUR EDWARD CHANDLER,** | ) | **BY INTERCHANGE** |
| | ) | |
| Appellant. | ) | **(DUI)** |

FOR THE APPELLANT:

**ROBERT S. PETERS**
SWAFFORD, PETERS & PRIEST
100 First Avenue, S.W.
Winchester, TN 37398

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**JANIS L. TURNER**
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243

**C. MICHAEL LAYNE**
District Attorney General

**STEPHEN E. WEITZMAN**
Assistant District Attorney General
P.O. Box 147
Manchester, TN 37355

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Following a jury trial in the Circuit Court of Coffee County, the Defendant, Arthur Edward Chandler, was convicted of DUI, 3rd offense, driving on a revoked license, resisting arrest, and was found by the trial court to be in violation of the implied consent law. The trial court sentenced Defendant to serve eleven (11) months, twenty-nine (29) days for the DUI conviction, suspended after one hundred and twenty (120) days incarceration in the Coffee County Jail, thirty (30) days incarceration on the conviction for driving on a revoked license, to be served concurrently with the DUI sentence, and sentenced him to serve six (6) months in the Coffee County Jail for the conviction of resisting arrest. The sentence for resisting arrest was ordered to be served consecutively to the sentence for DUI, 3rd offense. The trial court also ordered that Defendant's driving privileges be revoked for ten (10) years on the conviction for DUI with an additional six (6) months revocation for violation of the implied consent law. In this appeal, pursuant to Rule 3, Tennessee Rules of Appellate Procedure, the Defendant argues that the trial court erred by ordering consecutive sentencing and by imposing the maximum six (6) month sentence for the conviction of resisting arrest.

The record in this appeal is sparse. It consists only of the documents filed with the trial court clerk, including but not limited to the arrest warrants, indictment, judgments, motion for new trial, notice of appeal, and designation of record. The only transcript is of the sentencing hearing wherein no proof was offered other than a presentence report containing the Defendant's prior criminal

record. The transcript consists of arguments of counsel and the trial court's ruling at the sentencing hearing. It is apparent from this meager record that the trial court relied upon proof which he heard at the trial in imposing the sentences.

It is the duty of the Appellant to have prepared an adequate record in order to allow a meaningful review on appeal. T.R.A.P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). When a record is incomplete and does not contain transcripts of proceedings relevant to an issue which is presented for review by the appellant, our court is precluded from considering the issue. Roberts, 755 S.W.2d at 836. In addition, statements and arguments of counsel during the course of a sentencing hearing are not evidence. Id.

Therefore, the status of the record being that which it is, we must conclusively presume that the ruling of the trial court in the sentencing hearing was correct. State v. Roberts, 755 S.W.2d at 836 (Tenn. Crim. App. 1988).

The judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
WILLIAM M. BARKER, Judge