IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2002

## STATE OF TENNESSEE v. SEAN A. TURNER, ALIAS; SEAN ANDRE TURNER

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 62188 & 63932    Ray L. Jenkins, Judge**

---

**No. E2001-01773-CCA-R3-CD**
**June 20, 2002**

---

Defendant, Shaun A. Turner, alias Shaun Andre Turner, appeals from the trial court's order revoking his probation and ordering him to serve two consecutive sentences in the Department of Correction. After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Mark E. Stephens, District Public Defender; and Aubrey L. Davis, Assistant Public Defender, Knoxville, Tennessee, for the appellant, Sean Andre Turner.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 10, 1997, Defendant pled guilty to sale of cocaine in an amount less than 0.5 grams and received a three-year sentence as a Range I standard offender. On the same date he pled guilty to an additional offense, possession of cocaine in an amount exceeding 0.5 grams with intent to sell, and received an eight-year sentence as a standard Range I offender. The sentences were ordered to be served consecutively as a community corrections sentence in the Community Alternatives to Prison Program in Knox County.

1

In October 1998, the trial court found that Defendant had violated the terms of his release. The trial court revoked his probation in each case, but nevertheless found him to be an appropriate candidate for return to community corrections under certain conditions.

In July 1999, Defendant once again violated the conditions of his release. As a result, the trial court revoked his community corrections sentence and ordered that he serve his sentence in the Department of Correction. Defendant was placed in the "boot camp" program. Later, Defendant was released and placed on probation. However, he was subsequently served with another probation violation warrant alleging that he had violated the terms of his probation by missing curfews, failing to report to his probation officer, and moving from his residence and absconding. An amended warrant alleged that he was arrested for failure to appear on a "theft by shoplifting" charge. A second amended warrant further alleged that he had failed to return to a halfway house after leaving for work and that he had once again failed to report to a probation officer.

From the record on appeal, it appears that a hearing occurred on the probation violation charges in December 2000. However, the record does not contain a transcript of this hearing. It does reflect that the trial court ordered Defendant to be confined for six months and then return to court and that another hearing occurred approximately six months later, on June 26, 2001. The testimony at this hearing consisted primarily of allegations that Defendant had violated administrative rules while confined in the jail during the six months following the immediately preceding hearing. At the conclusion of this hearing, the trial court ordered Defendant to serve the balance of his sentence in the Department of Correction. The trial court did not revoke probation based upon any conduct of Defendant while he was confined in the jail between the two hearings.

During the June 2001 hearing, the prosecutor announced that Defendant had stipulated as to the probation violations during the December 2000 hearing. Defendant's counsel did not dispute the prosecutor's statement. In fact, Defendant acknowledged that the trial court had informed him during the December 2000 hearing that he would be in jail six months, after which he would come back before the court and present a "plan" to justify release from jail on further probation.

It is clear from the record that proceedings pertinent to the probation violation allegations were held in December 2000. A transcript of these proceedings is not included in the record, however. It is Defendant's duty to have prepared an adequate appellate record in order to allow meaningful review on appeal. Tenn. R. App. P. 24(b)-(d); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In the absence of an adequate record for review on appeal, this Court must presume that the trial court's ruling was supported by the evidence. State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991).

Tennessee Code Annotated section 40-35-311(e) provides as follows:

> If the trial judge should find that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court, to revoke the

probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . .

Tenn. Code Ann. § 40-35-311(e) (Supp. 2001).

Defendant argues that the trial court revoked probation without ample proof being presented, that the trial court did not state its reasons for revoking probation, and that Defendant still had the opportunity to "work on his rehabilitation." We respectfully disagree and, in light of the record, we must presume that the trial court's ruling is supported by the evidence presented.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, JUDGE