# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 11, 2005

## STATE OF TENNESSEE v. LUCIAN HENRY MARSHALL, III

**Appeal from the Criminal Court for Sumner County**
**Nos. II-11612, II-CR03168    Jane Wheatcraft, Judge**

---

### No. M2004-02442-CCA-R3-CD - Filed June 3, 2005

---

The appellant, Lucian Henry Marshall, III, appeals the order of the Sumner County Criminal Court, signed by appellant's counsel, agreeing to the disposition of money and his vehicle which had been seized pursuant to a forfeiture warrant. Alleging he was not properly informed of the procedure for recovering his seized assets, the appellant asks us to void the agreed order. We affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

William N. Ligon, Gallatin, Tennessee, for the appellant, Lucian Henry Marshall, III.

Paul G. Summers, Attorney General and Reporter; Lizabeth A. Hale, Assistant Attorney General; Lawrence R. Whitley, District Attorney General; and Dee Gay, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

From the sparse record on appeal, it appears that the appellant, suspected of driving under the influence, was stopped by Gallatin Police Officer Eben Bates on July 9, 2004. Although the appellant apparently was not arrested, his vehicle and a large sum of cash in the vehicle were seized by Officer Bates. The record contains a forfeiture affidavit detailing the events surrounding the seizure:

> On Friday, July 9th, 2004, at approximately 2146, I, Officer Eben Bates, was dispatched to the area of Nashville Pike and Brown's Lane, Gallatin, TN, Sumner County, in reference to a possible intoxicated driver. The complainant stated that a

blue Toyota Corolla, TN license plate #QHA928, was driving erratically inbound toward Gallatin. I made contact with the vehicle and observed the vehicle to cross over the white line with the right tires and then immediately cross over the yellow centerline with it's [sic] left tires. I conducted a traffic stop with the vehicle in the parking lot of Walgreens at W. Main and Maple.

I made contact with the driver, Lucian Henry Marshall III. I explained the reason I stopped him and he stated that he had not been drinking and that he had just left work. Marshall then gave consent to a search of the vehicle. I located a small black case with a large sum of cash inside. I asked Marshall where the money came from and he told me it was from gambling and that he had a lot of pay role [sic] checks in there also. I read Marshall his Miranda Rights and then asked him again about the money. Marshall stated, "I won the money from shooting dice and playing the numbers at a number house." He continued to say that he traveled to these houses in Nashville, Lebanon, Gallatin, and "all around", to shoot dice, play the numbers, and gamble. The money was counted and totaled $11,050.00, which was rolled in individual denominations of money. Also in the case were fourteen non-cashed pay role [sic] checks from IBP Tyson Foods. Marshall's money was seized in accordance with T.C.A. 39-17-502 and T.C.A. 39-11-703, with the moneys being illegal proceeds of gambling.

On Monday, July 12th 2004, Marshall came to the Gallatin Police Department and spoke with Investigator Shane Woodard and Captain Denise Thrasher in [an] attempt to get his money back. He told the Investigator and Captain that he wished he had not told me the money was from gambling and should have told me something different on the night of the stop. When Investigator Woodard asked where he did get the money he again stated that he gained the money over several games of shooting dice.

The record also contains a Notice of Property Seizure and Forfeiture of Conveyances form signed by the appellant on July 9, 2004, detailing that the appellant's 1988 Toyota Corolla and $10,998.00 in cash had been seized and noting that because it was a "Category IV" seizure, the appellant should "refer to instructions provided by seizing agency for filing a claim on the above property."[1] A forfeiture warrant finding probable cause to believe that $11,050.00 was subject to forfeiture as proceeds from gambling pursuant to Tennessee Code Annotated sections 39-17-502 and 39-11-703, was signed by the trial court on July 16, 2004.

---

[1]Categories I, II, and III dealt with seizures that were narcotics related, DUI related, or related to vehicles with altered vehicle identification numbers. Each of those categories contained lengthy explanations of the seizure and forfeiture provisions of the Tennessee statutes, as well as procedures to be followed for filing a claim to the seized assets. Category IV, however, contained no similar explanations.

On August 30, 2004, the trial court entered an order, "approved for entry" by the State and the appellant's counsel, stating that the parties had agreed that $3050.00 and the vehicle would be returned to the appellant, while $8000.00 would be retained by the Gallatin Police Department Drug Fund. It is from that order the appellant now appeals to this court.

## ANALYSIS

The appellant, now represented by different counsel, asserts that the agreed order should be set aside and the $8000.00 returned to him because he "was not afforded any reasonable opportunity to redeem his funds" and was not "charged with an underlying or supporting crime." The State responds that the appellant agreed to the disposition of the funds, which he admits in his brief, and he has not shown by "clear and convincing evidence that an injustice has occurred." The State also asserts that the appeal should be dismissed because the appellant's brief fails to cite to the record or to any legal authorities to support his contentions, thereby constituting waiver under Rule 10(b) of the Rules of the Court of Criminal Appeals.

We begin our analysis by noting that it is the appellant's duty to prepare an adequate record for appellate review. Tenn. R. App. P. 24. Our supreme court, in State v. Ballard, 855 S.W.2d 557 (Tenn. 1993), stated:

> When a party seeks appellate review[,] there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983). Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue. See T.R.A.P. 24(b).

Id. at 560-61.

In the absence of an adequate record on appeal, this court must presume that the trial court's actions below are correct and are supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Because the record in this case is incomplete, we must presume that the trial court's approval of the agreed-upon forfeiture order was proper. State v. Smith, 891 S.W.2d 922, 932 (Tenn. Crim. App. 1994).

Additionally, the appellant fails to cite to any legal authority from this or any other jurisdiction which would support this court setting aside an agreed-upon order disposing of the seized funds. See Tenn. Ct. Crim. App. R. 10(b). ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); Tenn. R. App. P. 27(a)(7) ("The brief of the appellant *shall* contain . . . [a]n argument . .

. with citations to the authorities and appropriate references to the record[.]") (emphasis added). The appellant cites to Tennessee Code Annotated section 40-33-201, which he asserts "clearly mandates how the claimant may attempt to redeem funds seized by the authorities." However, the record indicates that the cash was seized, as illegal gambling proceeds, from the appellant in accordance with Tennessee Code Annotated section 39-11-703 (2003). Tennessee Code Annotated section 40-33-201 provides that personal property seized under authority of Tennessee Code Annotated section 39-11-703 is not subject to the procedures set forth in Title 40, Chapter 33, Part 2 of the Code. Instead, the procedures to be followed for seizure and forfeiture of illegal gambling proceeds, as in this case, are governed by Title 39, Chapter 11, Part 7. The appellant has not identified any specific procedure set forth in Title 39, Chapter 11, Part 7 which was not followed in this case, and the record is insufficient for us to determine its full procedural history. Additionally, there is no requirement that a criminal prosecution be commenced as a prerequisite to seizure and forfeiture. See Tenn. Code Ann. § 39-11-707(a) (2003) ("Any property subject to forfeiture under this chapter may be seized by . . . any law enforcement officer when acting pursuant to a lawful arrest *or* search[.]") (emphasis added). In fact, Tennessee Code Annotated section 39-11-708 contemplates seizures and forfeitures that are "part of a criminal prosecution," as well as those which are not part of a criminal prosecution. See Tenn. Code Ann. § 39-11-708(b), (c), (d) (2003). The legislature has made its intent clear: "protect[ing] bona fide interest holders and *innocent owners* of property" under Chapter 11. See Tenn. Code Ann. § 39-11-701(c) (2003) (emphasis added); State v. A Tract of Land Known as 141 Belle Forest Circle, No. M2000-01827-CCA-R3-CD, 2001 WL 1517028, at *4 (Tenn. Crim. App. Nov. 29, 2001) ("[I]f neither an *innocent owner* nor interest holder as defined in the 1998 Act, the appellant is not afforded protection under the Act.") (emphasis added). The only explanation in the record for the appellant's possession of the money is his statement to officers that he won it "playing the numbers" and "shooting dice;" therefore, he is not an "innocent owner" and has not shown that he is entitled to the forfeited money.

## CONCLUSION

Following our review, we affirm the order of the trial court.

ALAN E. GLENN, JUDGE