# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs March 6, 2012

## STATE OF TENNESSEE v. SHIREA BARBER

**Appeal from the Criminal Court for Shelby County**
**No. 09-04843     Chris Craft, Judge**

_____

**No. W2011-00462-CCA-R3-CD  - Filed July 12, 2012**

_____

The Defendant, Shirea Barber, was convicted by a Shelby County Criminal Court jury of driving under the influence, a Class A misdemeanor. See T.C.A. § 55-10-401 (2010). The trial court sentenced the Defendant to eleven months and twenty-nine days, with ten days' confinement and the remainder on probation. On appeal, the Defendant contends that the evidence is insufficient to support her conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Ted I. Jones, Memphis, Tennessee, for the appellant, Shirea Barber.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Brian Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A statement of the evidence was submitted to this court pursuant to Tennessee Rule of Appellate Procedure 24(c) by the consent of the parties. At the trial, Bartlett Police Officer Story testified that he saw the Defendant's car stopped in the middle of an intersection with the headlights on and the engine running. He said that he smelled a strong odor of an "intoxicant" on her breath, that she was "unsteady on her feet" when she got out of the car, and that she held on to the car to support herself when she got out of the car. He said he decided not to conduct further tests when the Defendant almost fell during the

"finger-to-nose" test. He said the Defendant was "clearly intoxicated" because she mumbled as she spoke, had bloodshot and watery eyes, and had poor coordination.

According to the statement of the evidence, Bartlett Police Officer Gaia's view "of the Defendant's condition matched" Officer Story's testimony. He said he was forced to pepper spray the Defendant after her arrest because she became combative and refused to get into the police cruiser. He said the spray lasted for two seconds.

Bartlett Police Officer Gammon testified that he spoke with the Defendant at the police station about the evening's events and that he had her perform "walking and command tests." He said the Defendant had poor speech, was disoriented, was unable to stand on her own, and had bloodshot and watery eyes. He was present when the Defendant admitted that she had been drinking.

The parties stipulated that the Defendant admitted to each officer that she purchased four premixed margaritas, which were thirty-six proof by content. Although the Defendant made various statements about whether she drank a portion of one bottle, multiple bottles, or all four bottles, three unopened bottles were found in her car. The parties also stipulated that the State presented one bottle to the officers during their testimony to establish that the bottle was thirty-six proof and that the manufacturer advertized the "'whooping' high proof." The Defendant did not testify.

The affidavit of complaint, the presentence report, and a video recording of the Defendant's arrest and interview were received as exhibits. According to the statement of the evidence, the recording showed the Defendant admitting to drinking, her performance on the sobriety tests, and her repeated requests to call her husband. The recording also showed the Defendant's performing walking and command tests at the police station. Our review of the recording shows twenty segments from a police cruiser. Nine of those segments are unrelated to the Defendant. The remaining eleven segments are corrupted and incapable of being reviewed by this court.

The jury found the Defendant guilty. This appeal followed.

On appeal, the Defendant contends that the evidence is insufficient to support her conviction in light of her being pepper sprayed after her arrest. She argues that because she was sprayed early in her arrest, the physical conditions she exhibited were the possible results of the pepper spray rather than an intoxicant. The State contends that the evidence is sufficient and argues that the officers observed indicators of intoxication before she was sprayed. We agree with the State.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). This means that we may not reweigh the evidence but must presume that the trier of fact has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Any questions about the "credibility of the witnesses, the weight to be given to their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact." State v. Dotson, 254 S.W.3d 378, 395 (Tenn. 2008) (citing State v. Vasques, 221 S.W.3d 514, 521 (Tenn. 2007)); see State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

In Tennessee,

> it is unlawful for any person to drive or to be in physical control of any automobile . . . on any of the public roads and highways of the state, or on any streets or alleys . . . while under the influence of any intoxicant . . . that impairs the driver's ability to safely operate a motor vehicle by depriving the clearness of mind and control of [herself] which [s]he would otherwise possess.

T.C.A. § 55-10-401 (2010). On appeal, the defendant has "a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)).

The jury's verdict reflects that it rejected the Defendant's claim that the pepper spray caused the physical conditions observed by the police officers. Although we are precluded from viewing the recording from the police cruiser and police station, the recording is not necessary to the resolution of this appeal. The statement of the evidence shows that Officer Story saw the Defendant's car stopped in the middle of an intersection with the headlights on and the engine running. When he approached the car, he smelled a strong odor of an intoxicant on the Defendant's breath, observed her difficulty getting out of her car, and observed her supporting herself when she got out of the car. The Defendant also failed the finger-to-nose test, had mumbled speech, bloodshot and watery eyes, and poor coordination. We note these events occurred before the Defendant was sprayed by Officer Gaia based on the undisputed officer testimony. The Defendant was sprayed after she was arrested because

-3-

she became combative and refused to get into the police cruiser.  We conclude that sufficient evidence exists to support the Defendant's conviction.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE