

FILED
02/07/2017
Clerk of the
Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 10, 2017

## HERMAN SOWELL, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**Nos. F-67824 & F-69706      David M. Bragg, Judge**

_____

### No. M2016-01037-CCA-R3-PC

_____

In 2011, the Petitioner, Herman Sowell, Jr., pleaded *nolo contendre* to attempted aggravated rape, attempted aggravated sexual battery, and incest, and the trial court sentenced him to fifteen years, at 30%. The trial court ordered a "time served" sentence followed by probation. In April 2013, after the statute of limitations had expired, the Petitioner filed a petition for post-conviction relief, using a separate case number but challenging as ineffective the representation of his counsel for the November 2011 case. At some point thereafter, the trial court revoked the Petitioner's probation. The Petitioner amended his petition for post-conviction relief to challenge his November 2011 convictions. The post-conviction court summarily dismissed the post-conviction petition. We affirm the post-conviction court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Herman Sowell, Jr., Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Jennings H. Jones, District Attorney General; and Dana S. Minor, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

The record in this case is sparse, and it does not contain the Petitioner's judgments of conviction. In the Petitioner's brief, he asserts that, on November 27, 2012, he pleaded guilty to attempted aggravated rape, attempted aggravated sexual battery, and incest. From the petition for post-conviction relief, it appears that the Petitioner identifies this

case in his April 8, 2016 post-conviction petition as "F-67824." In the petition he listed the dates of his judgment of conviction as November 2011 and stated that the trial court sentenced him to fifteen years, to be served at 30%.

The petition also states that the Petitioner had previously filed a petition for post-conviction relief in April 2013, which was still pending and never dismissed by the Rutherford County Circuit Court. He stated that he raised grounds of ineffective assistance of counsel and the State's withholding of exculpatory evidence in that petition. He asked the post-conviction court to allow him to amend his previously filed post-conviction petition since it had not yet been dismissed.

The petition lastly alleged that the Petitioner had received the ineffective assistance of counsel during his plea agreement and that his guilty plea was unknowingly and involuntarily entered. The petition set out facts supporting this contention, which included that the Petitioner said that he violated his probation in April 2013. At that time, his attorney advised him to "drop his post-conviction [petition]" and that, if he did so, the State would not seek jail time for his violating of his probation.

The trial court summarily dismissed the petition. It found:

[]The Court entered a Violation of Probation Order on November 15, 2013. This was an agreed revocation, and therein, the Defendant withdrew his Petition for Post-Conviction Relief previously filed in this Court in Case No. F-69706.

[]Pursuant to the agreement, the petition was dismissed and the Defendant agreed to file no new Petition for Post-Conviction Relief. This additional condition of dismissal was specially initialed by the Defendant, in addition to his signed acknowledgement of the Order as a whole.

[]Although the Petitioner's new amendment petitions the Court under F-67824, he specifically refers to his alleged pending Post-Conviction Relief Petition from April of 2013, which was dismissed in the above-referenced Violation of Probation Order.

[]Moreover, Petitioner's amended petition fails to state any ground other than those previously presented. . . .

Not a part of the record but sent by the Petitioner separately to this Court is what purports to be a copy of the order finding that he violated his probation. The order shows that, as part of the agreement with regard to this charge, the Petitioner agreed to dismiss

2

the petition in case number F-69706 and that he would not file a new petition for post-conviction relief. It also showed that the Petitioner was sentenced to Community Corrections with no jail time.

The Petitioner appeals the summary dismissal of his petition for post-conviction relief.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it summarily dismissed his petition for post-conviction relief. He asserts that Counsel did not explain to him the fundamental constitutional rights he was waiving by entering a guilty plea to his probation violation charge and agreeing to dismiss his petition for post-conviction relief. He goes on to assert that the trial court never dismissed his petition, so he has the right to amend it. The State contends that the record is inadequate for our meaningful review.

It is well-settled that when a party seeks appellate review, it has a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. *See State v. Ballard,* 855 S.W.2d 557, 561 (Tenn. 1993) (holding failure to include transcript precludes appellate review); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in the absence of an adequate record on appeal). Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. *See State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Here, we have nothing but the assertions of the Petitioner as to what transpired, we do not have all the judgments of conviction, the previous petition for post-conviction relief, or even the relevant orders. Because the necessary relevant material is not included in the record, we decline to consider the merits of this issue. *See* Tenn. R. App. P. 24(b). Accordingly, the issue is waived.

We further note, however, that a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2014). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-

3

year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the post-conviction court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b) (2014).

In the case under submission, the Petitioner was required to file his petition for post-conviction relief within one year of November 27, 2012. *See* T.C.A. § 40-30-102(a) (2014). The Petitioner did not file his petition until April 8, 2016. The fact that his petition references a previous petition in a separate case, which the Petitioner dismissed by agreement, and purports to be an "amended petition" does not toll his statute of limitations. The post-conviction court properly dismissed the Petitioner's petition.

## III.  Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE