IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 8, 2020

## KENNETH COLE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. R.D. 9284    Joe H. Walker III, Judge**

_____

### No. W2019-01620-CCA-R3-PC
_____

The Petitioner, Kenneth Cole, appeals from the Tipton County Circuit Court's denial of his petition for post-conviction relief from his guilty plea conviction for violation of the sex offender registry and his six-year, Range III sentence. He contends that the post-conviction court erred in denying his claim that he received the ineffective assistance of counsel in the conviction proceedings. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

William Henry Clower, Atoka, Tennessee, for the Appellant, Kenneth Cole.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Mark E. Davidson, District Attorney General; Erik Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner's post-conviction petition attacked his convictions in two cases: R.D. 9129 and R.D. 9284. Although the judgments for these cases are not in the record, the preliminary order of the post-conviction court reflects the following procedural history:

> The petitioner entered a plea of guilty in R.D. 9129 on August 15, 2017, to a C felony as a Multiple Offender, for an agreed sentence of 6 years consecutive to RD 8992.
>
> . . . .

In RD 9284 the defendant entered a plea of guilty on March 15, 2018 to an E felony for sentencing. . . . He was sentenced on April 4, 2018 as a Career Offender to 6 years. On that same date, probation was revoked in RD 9129 and RD 8992. . . .

On June 6, 2018, petitioner filed to reinstate probation. After a hearing on July 9, 2018 the petition was granted on the assurance that the defendant had been admitted to Warrior Center rehab. On July 12, 2018 the attorney for defendant was in court and indicated that the defendant was not admitted to Warrior Center, which had rescinded the acceptance of the defendant. The release of the defendant was based on acceptance into rehab. Since the rehab would not accept the defendant, the order to release the defendant was rescinded. No appeal was taken from this order.

On September 14, 2018 the petitioner filed an amended motion to reinstate probation. However the Court had lost jurisdiction.

In the preliminary order, the post-conviction court found that the post-conviction petition was untimely as to case R.D. 9129, and the case proceeded based upon the claims related to case R.D. 9284. In an amended petition, the Petitioner alleged that his trial counsel had not fully explained the requirements of probation, had not informed him that a guilty plea might adversely affect his current probation sentence, and did not sufficiently review his rights and his criminal history with him in order to ensure his understanding of the consequences of a guilty plea.

At the post-conviction hearing, the Petitioner testified that he did not have a high school diploma and that he read and wrote on a third-grade level. He said he was in jail when he pleaded guilty in the underlying case. He said trial counsel visited him once for a few minutes at the jail. He said counsel "just basically told me that it's not going to be a big deal, that he would see me on that day." The Petitioner said he "had no idea" what counsel meant. The Petitioner said they did not talk much about potential defense evidence. He said counsel did not explain the charges but that the Petitioner asked questions about the probation violation charge. The Petitioner said that he did not have a way to call counsel's office but that he wrote letters to counsel and a woman in counsel's office. He said he sent three letters requesting more information because he did not know how the legal system worked.

The Petitioner testified that the State offered a "blind plea," which did not include an agreement about the sentence. He had understood that community corrections "was part of the plan." The Petitioner said counsel told him "they had a deal that was made and that I shouldn't worry about it." When asked why he did not tell the trial court at the guilty plea hearing that he did not understand everything, the Petitioner said he had trusted trial

counsel. When asked about the trial court's advice of the rights to plead guilty or not plead guilty, to have his attorney cross-examine witnesses, to present evidence, and to remain silent, the Petitioner said he pleaded guilty because he did not know he could "take back" his agreement to plead guilty.

The Petitioner acknowledged that he "might have said" at the guilty plea hearing that he had a GED, even though he did not. He also acknowledged that "it's possible" he said at the hearing that he felt like he understood what was happening. He thought he remembered the trial court's advising him that he was not guaranteed probation or a community corrections sentence. He agreed he had not expressed dissatisfaction with trial counsel or a lack of understanding during the guilty plea hearing.

The Petitioner testified that he had talked to a detective who worked for the State about receiving probation. The Petitioner said the State wanted him to testify and that if he did, "they would not argue the fact of probation" and would not seek an incarcerative sentence. The Petitioner said the State could not promise him anything "because if they did . . . it would mess up their other case."

The Petitioner acknowledged that he was a career offender. He said his guilty plea in the present case "was supposed to [have] been part of [his] probation deal and somehow that charge had got lost in the indictment process." He said he felt like he had been "cheated."

Trial counsel testified that he explained the violation of the sex offender registry charge to the Petitioner. Counsel said the Petitioner was on probation for two other offenses. Counsel said that the Petitioner's probation violation charges involved drug use and that he realized the Petitioner had a drug problem. Counsel said the Petitioner advised him that the Petitioner had information which would assist the State in another case and that the Petitioner expected "they might help out some." Counsel said he advised the Petitioner that he had not received an offer from the State. Counsel said he thought the Petitioner had been advised that law enforcement would talk to the prosecutor "and they won't argue a whole lot against it, but they were in no position to guarantee what might happen after he entered the plea." Counsel said that he thought law enforcement officers "may have made those representations to" the Petitioner but that no one had advised counsel that the State would not object to an alternative sentence.

Trial counsel testified that the Petitioner was interested in enrolling in a long-term drug rehabilitation program. Counsel said that because the Petitioner was a convicted sex offender, placement in a program was difficult. Counsel said he had contacted Harbor House about a possible placement.

-3-

Trial counsel testified that he knew the Petitioner's educational background and ability to read and write were limited. Counsel said, however, that he thought the Petitioner understood when counsel explained that the State was "not making any specific offer." He said he probably advised the Petitioner that he would have to serve a ninety-day minimum sentence. Counsel said he probably advised the Petitioner that, due to the drug use allegations involved in the probation revocation warrants, it "would look bad as far as trying to get [the Petitioner] straight out back on the street." He said he would have told the Petitioner that the next step might involve house arrest, furlough for inpatient drug treatment, additional house arrest, and reinstatement of probation. Counsel thought the Petitioner understood that these details were not part of the plea agreement and would be considered at a later date. He thought the Petitioner understood that they "really don't have a defense to the charge itself."

After receiving the evidence, the post-conviction court found that the Petitioner understood the significance and consequences of his decision to plead guilty and that he was not coerced into pleading guilty. The court found that the Petitioner "was fully aware of the direct consequences of the plea, including the sentence actually received." The court found that the Petitioner had failed to show that he had been promised anything or induced to enter the guilty plea. The court also found that the Petitioner was advised at the guilty plea hearing that trial counsel would seek an alternative sentence but that one was not guaranteed. The court found that counsel had been involved in the Petitioner's sentencing hearing but that a different attorney represented the Petitioner in a later motion to reinstate probation. The court also found that the trial court had ordered the Petitioner's release in order to participate in a rehabilitation program but later rescinded that order when the rehabilitation program rescinded its acceptance of the Petitioner. The post-conviction court found that entry into the rehabilitation program had not been part of the plea agreement.

The post-conviction court concluded that the Petitioner had failed to prove he had received the ineffective assistance of counsel. This appeal followed.

The Petitioner contends that the post-conviction court erred in denying his ineffective assistance of counsel claim. He argues that trial counsel failed to meet with him adequately to ensure that he understood the plea agreement. The State counters that the Petitioner has waived appellate review of his claim by failing to prepare an adequate record and that, in any event, the court did not err in denying relief. We conclude that the record, though incomplete, is sufficient for review and that the Petitioner is not entitled to relief.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing

evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

We begin with the State's argument that the Petitioner has waived appellate review because the record does not contain the plea petition, the transcript of the guilty plea hearing, the transcript of the sentencing hearing, and the judgment. As the appellant, the Petitioner had the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. *See, e.g., State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). This included the obligation to have a transcript of the evidence or proceedings prepared. *See* T.R.A.P. 24(b). "When the record is incomplete,

or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). The record is deficient in the absence of the specified documents and transcripts. However, the post-conviction court's preliminary order and order denying relief summarize the procedural history, including relevant portions of the guilty plea hearing. The parties have not disputed the post-conviction court's summary of these facts. We conclude that the record in this case is sufficient for review. We caution that the better course generally, however, is to include the relevant documents and transcripts in the appellate record.

Turning to the merits, the Petitioner argues that he had a limited ability to read and write, that he thought a law enforcement officer had guaranteed him probation in exchange for his assistance, and that trial counsel did not communicate with him sufficiently to ensure that he understood the plea agreement. The post-conviction court found that the Petitioner understood the guilty plea and its consequences, including the lack of a guaranteed sentence of probation. In making this determination, the court relied, in part, upon its review of the transcript of the guilty plea hearing. In addition, counsel testified at the hearing that he thought the Petitioner understood the plea and its consequences. Counsel testified that the Petitioner had conversations with a law enforcement officer about providing information in exchange for possible consideration of leniency in sentencing in the present case, but that counsel had not been a party to the discussions and that the plea agreement did not contain any guaranteed sentence. Counsel said he advised the Petitioner that he faced a mandatory ninety-day period of incarceration and that a sentence involving immediate release thereafter was unlikely due to the drug use allegations involved in the Petitioner's probation violation warrants. The court's findings and conclusions reflect that it credited counsel's testimony over that of the Petitioner. The evidence does not preponderate against the court's findings, and its findings support its conclusions. The Petitioner failed to show that counsel performed deficiently and that he was prejudiced by counsel's alleged deficient performance. The post-conviction court did not err in denying relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE