IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2024

**STATE OF TENNESSEE v. RYAN REESE LEATH**

**Appeal from the Circuit Court for Rutherford County**
No. 90429          Don Ash, Judge

_____

**No. M2024-00441-CCA-R3-CD**

_____

The Defendant, Ryan Reese Leath, pleaded guilty to Driving Under the Influence ("DUI"), third offense with the trial court to sentence him. After a sentencing hearing, the trial court sentenced the Defendant to eleven months and twenty-nine days, suspended to probation after the service of six months in confinement. The trial court ordered that the DUI sentence be served consecutively to a six-year sentence for theft of property valued over $10,000. On appeal, the Defendant contends that the trial court erred when it ordered consecutive sentencing. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Darren Drake, Murfreesboro, Tennessee, for the appellant, Ryan Reese Leath.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Brent L. Pierce and Allyson S. Abbott, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant's driving under the influence of alcohol on November 30, 2022. For this offense, the Rutherford County grand jury indicted the Defendant for DUI, third offense, and for DUI per se.

A transcript of the guilty plea hearing is not included in the record. The factual basis for the Defendant's conviction is therefore gathered from the indictment and the evidence at the sentencing hearing. *See State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983)

(stating that the appellant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal); *see also* T.R.A.P. 24(b). Although appellate review is fostered by including the transcript of the guilty plea in the appellate record, we will, in this case, consider the appeal based on the record before us. *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012) ("[W]hen the record does not include a transcript of the hearing on a guilty plea, the Court of Criminal Appeals should determine on a case-by-case basis whether the record is sufficient for meaningful review[.]")

The arresting officer described in the affidavit of complaint the events surrounding the DUI as follows:

On November 30, 2022, at approximately 0320 hours, I was driving a fully marked black/tan THP patrol vehicle wearing a fully approved short sleeve THP uniform driving northbound New Salem from Interstate-24 eastbound. I executed a left turn at a steady green light regulating traffic from Interstate-24 eastbound when I observed the suspect vehicle traveling southbound at a high rate of speed. I looked through my driver-side mirror and observe[d] the suspect vehicle fail to stop for a steady red light, a violation of T.C.A. 55-8-109 (failure to obey traffic signal/device). I cleared the southbound lane and conducted a U-turn and accelerated after the suspect vehicle traveling southbound on New Salem. I initiated an enforcement stop for the observed violation by activating my patrol vehicle's emergency lights and siren. The suspect vehicle did not slow down and continued to the intersection of Warrior Drive where I observed the suspect vehicle turn right onto Warrior Drive. As I closed the distance between my patrol vehicle and the suspect vehicle, I observed the suspect vehicle turn right into the RaceTrac gas station where it pulled in front of the first set of gas pumps. I pulled in immediately and observed the driver exit from the driver seat of the suspect vehicle and ordered him back into the vehicle. The driver disregarded my instructions and [I] made several more requests for the driver to get back into the vehicle. Eventually, the driver complied as he handed a Tennessee driver's license identifying him as Ryan Reese Leath with a date of birth of 06/04/1985.

I made a driver-side approach and contacted the driver through the open driver-side window and was immediately impacted by the strong and distinct odor of an alcoholic beverage being emitted from within the vehicle. I advised the driver o[f] the reason for the stop and requested his driver's license and registration. As the driver retrieved his driver's license, I asked him if he had consumed any alcoholic beverages and he said, "Yes." I

2

advised the driver to exit the vehicle and move to the front of my patrol vehicle. The driver asked about his registration, and I related at the moment it was not of importance. The driver complied and exited the vehicle and walked over to the front of my patrol vehicle where I advised him I would be asking him a series of pre-field sobriety test questions and administering a series of Field Sobriety Tests which he was unable to perform as explained and demonstrated.

At approximately 0342 hours, I placed [the Defendant] under arrest for being in violation of T.C.A. 55-10-401 (DUI). I contacted the Nashville Communications Center (NCC) and requested a driver's license check on [the Defendant's driver's license]. NCC advised a match had been located . . . with a valid driving privilege with two prior DUI convictions . . . .

On March 11, 2024, the Defendant pleaded guilty to DUI, third offense, and the trial court subsequently held a sentencing hearing.

At the conclusion of the sentencing hearing, the trial court articulated the basis of its findings and then made the following ruling:

> The Court finds the following convictions shall be used to calculate the appropriate range. And in that, the State filed in Exhibit 4, which lists all of those. The reckless endangerment, the D.U.I., the theft over $10,000, the theft over $1,000, and then the D.U.I. second. And then, obviously, this offense. So, I'm taking all of those into consideration.
>
> In that the enhancement factors the Court is considering the first one is applicable. The Defendant has a previous history of criminal conviction or criminal behavior in addition to those necessary to establish the range. I think that's really the sole [factor].
>
> [A]s the [Attorney] General said, the minimum [service] is 120 days. And I think they are requesting a year.
>
> In mitigating factors . . . based upon the D.U.I., there was nothing there that caused or threatened serious bodily injury or there wasn't an accident as [Defense Counsel] said.
>
> On consecutive sentencing, in order to do that, TCA 40-35-115, the Defendant is an offender whose record of criminal activity is extensive. And, sadly, these four things are extensive. [I]t makes no sense to me. Seeing [the

3

Defendant] in court, he's always been very polite to me, which I appreciate. Reading . . . about his jobs and stuff like that, he has an impressive job history.

I think his mother came up and testified about him, what a good person he was. [T[his doesn't make any sense to me how someone with this kind of resume can just start on this path. . . .[T]here is something else going on, I guess that's what I'm saying. And I don't understand that.

So, in making this determination, I considered the presentence report, the nature and circumstances of criminal conduct. And I think confinement is necessary to protect society by restraining the Defendant who has a long history of criminal conduct.

So, based upon that, I'm going to sentence him . . . to six months in jail [followed by six months of probation]. I think under the statute, the 120 days he has to serve that day for day. And then the other balance, I think that that is applicable. And whatever the figure is, the State comes up with that or the Department of Correction[s].

I think this is an appropriate sentence for it to be run consecutive. And that bothers me to say that. But I think I am obligated to follow the law in regard to that. We have to follow the law in regard to that. So, this will run consecutive to his six-year sentence as [Defense Counsel] pointed out to me, that he will get jail credit for every day he's served on the six-year sentence on this D.U.I. . . . I'll make sure that he gets all of that jail credit.

I'm going to fine him $2,000. His license will be suspended for six years.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it ordered him to serve his sentence consecutively to his prior theft sentence. The Defendant concedes that he was on probation at the time he received the DUI in this case, but he points out that the trial court did not articulate that as a basis for his consecutive sentencing. Further, he contends that his prior criminal history was not an appropriate basis for consecutive sentencing. The State counters that the record supports the trial court's decision. We agree with the State.

4

When an accused challenges the length of a sentence or manner of service, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The *Bise* standard of review also applies to consecutive sentencing determinations. *State v. Pollard*, 432 S.W.3d 851, 860-61 (Tenn. 2013). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. T.C.A. § 40-35-401, *Sentencing Comm'n Cmts.*; *see also State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001).

A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of the categories in Tennessee Code Annotated section 40-35-115(b). "Any one of these grounds is a sufficient basis for the imposition of consecutive sentences." *Pollard*, 432 S.W.3d at 862 (citing *State v. Dickson*, 413 S.W.3d 735, 748 (Tenn. 2013)). This court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the . . . grounds listed in Tennessee Code Annotated section 40-35-115(b)." *Id.* at 861.

"So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.* at 862 (citing Tenn. R. Crim. P. 32(c)(1); *Bise*, 380 S.W.3d at 705). When imposing consecutive sentences, the court must still consider the general sentencing principles that each sentence imposed shall be "justly deserved in relation to the seriousness of the offense," "no greater than that deserved for the offense committed," and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. §§ 40-35-102(1), -103(2), -103(4); *State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002).

Section 40-35-115(b)(2) authorizes consecutive sentencing for an offender "whose record of criminal activity is extensive." This classification is not self-defining, and the Sentencing Act does not define what constitutes an "extensive" record of criminal activity. In *State v. Perry*, the Tennessee Supreme Court discussed the meaning of this term. 656 S.W.3d 116 (Tenn. 2022). After looking at multiple sources, it provided the following guidance:

> Thus, in making the finding that an offender has an extensive record of criminal activity, courts should look to those facts from which they can determine that the defendant's record of criminal activity is considerable or large in amount, time, space, or scope. . . . This appeal presents an opportunity for this Court to offer guidance on relevant considerations that

ordinarily will inform the determination of whether an offender's record of criminal activity is extensive. To that end, and with the general definitions of "extensive" in mind, courts should look to the following non-exclusive considerations in evaluating whether the proof establishes that the defendant is an offender whose record of criminal activity is extensive:

> (1) The amount of criminal activity, often the number of convictions, both currently before the trial court for sentencing and prior convictions or activity;

> (2) The time span over which the criminal activity occurred;

> (3) The frequency of criminal activity within that time span;

> (4) The geographic span over which the criminal activity occurred;

> (5) Multiplicity of victims of the criminal activity; and

> (6) Any other fact about the defendant or circumstance surrounding the criminal activity or convictions, present or prior, that informs the determination of whether an offender's record of criminal activity was considerable or large in amount, time, space, or scope.

> These considerations very well may intersect in a given case, such that one consideration is best understood in reference to another.

*Id.* at 129-30.

A defendant need not have prior criminal convictions or activity apart from that for which the defendant is being sentenced to qualify as an offender whose record of criminal activity is extensive. *Id.* at 131. But prior convictions or criminal activity "may demonstrate 'a consistent pattern of operating outside the confines of lawful behavior' and provide some stronger measure of justification for finding that a defendant is an offender whose record of criminal activity is extensive." *Id.* (quoting *Dickson*, 413 S.W.3d at 748).

Here, the trial court did not explicitly address each of the *Perry* factors at sentencing, but it followed the appropriate sentencing procedure, identified facts related to the amount and scope of the Defendant's criminal activity, and stated its reason for imposing consecutive sentencing. The trial court provided an adequate basis for meaningful

6

appellate review. Therefore, the trial court's findings were sufficient to warrant the presumption of reasonableness, and we must uphold the trial court's decision absent an abuse of discretion. *See Perry*, 656 S.W.3d at 133 (holding that the trial court's failure to specifically address the time span and frequency of the criminal activity did not negate the presumption of reasonableness when the trial court followed "appropriate sentencing procedure," identified multiple facts related to the amount and scope of the defendant's criminal activity, and stated its reasons for ordering partial consecutive sentencing, thus providing a basis for meaningful appellate review); *see also State v. Brown*, No. E2022-00577-CCA-R3-CD, 2023 WL 5498983, at *6 (Tenn. Crim. App. Aug. 25, 2023), *no perm. app. filed*.

### III. Conclusion

We conclude that the record supports the trial court's determination that the Defendant had an extensive criminal history and, therefore, did not abuse its discretion in imposing consecutive sentences based on that determination. The Defendant is not entitled to relief on this issue. Based upon the foregoing, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE