IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2025

**STATE OF TENNESSEE v. EDWIN REEVES**

**Appeal from the Criminal Court for Knox County**
**No. 113628    Steven W. Sword, Judge**

_____

**No. E2024-01052-CCA-R3-CD**

_____

The Defendant, Edwin Reeves, was convicted by a Knox County Criminal Court jury of criminally negligent homicide and possession with the intent to sell or to deliver a schedule II controlled substance in a drug-free zone. He later pleaded guilty to a second count of possession with the intent to sell or to deliver a schedule II controlled substance in a drug-free zone. The trial court imposed an effective nine-year sentence. The Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed for the failure to state a colorable claim. On appeal, the Defendant contends that the trial court erred in denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TOM GREENHOLTZ, J., joined. KYLE A. HIXSON, J., not participating.

Edwin Reeves, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Hornsby, Assistant Attorney General; Charme P. Allen, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

The Defendant's convictions relate to offenses which occurred, in part, on February 23, 2018, when he sold oxymorphone that was later used by Jessica Neely, who died from an overdose after using the drug. The Defendant was convicted by a jury of criminally negligent homicide, as a lesser included offense of second degree murder, and possession with the intent to sell or to deliver oxymorphone in a drug-free zone. The Defendant's guilty-pleaded conviction relates to an April 25, 2018 controlled drug purchase in a drug-free zone from a confidential police informant. The trial court imposed consecutive

sentences of two years at 30% service for criminally negligent homicide; four years for the drug conviction in connection with Ms. Neely's death, with three years at 100% service and one year at 30% service; and three years at 100% service for the subsequent guilty-pleaded drug-related conviction. The Defendant appealed the sufficiency of the convicting evidence of the February 23, 2018 offenses and the trial court's imposition of consecutive service. This court affirmed. *See State v. Edwin Alfonso Reeves*, No. E2021-00015-CCA-R3-CD, 2021 WL 6141101, at *1 (Tenn. Crim. App. Dec. 30, 2021), *perm. app. denied* (Tenn. May 18, 2022).

Thereafter, the Defendant filed a July 8, 2022 pro se "Petition for Relief from Conviction and Sentence." The trial court, however, treated the petition as a motion for resentencing pursuant to Tennessee Code Annotated section 39-17-432(h) (Supp. 2022) (permitting a defendant to request drug-free zone resentencing for offenses which occurred before September 1, 2020). Although the court's order resolving the motion is not included in the appellate record, this court entered an order declining to waive the timely filing of the notice of appeal and dismissing the appeal from the trial court's March 3, 2023 order denying the motion for resentencing because Tennessee Appellate Procedure Rule 3(b) "does not specifically provide for an appeal as of right from an order denying resentencing pursuant to Tenn. Code. Ann. § 39-17-432(h)." *See Edwin Alfonso Reeves v. State*, No. E2023-00595-CCA-R3-CD (Tenn. Crim. App. June 21, 2023) (order) (quoting *State v. Bobo*, 672 S.W.3d 299, 302 (Tenn. Crim. App. 2023)), *reh'g denied* (Tenn. Crim. App. Oct. 5, 2023), *perm. app. denied* (Tenn. Jan. 10, 2024); *see also* T.R.A.P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983) (The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal). The Defendant, likewise, filed a motion for a delayed appeal, which this court denied. *See Edwin Alfonso Reeves v. State*, No. E2023-00595-CCA-R3-CD (Tenn. Crim. App. Oct. 5, 2023) (order).

On March 13, 2024, the Defendant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1 based upon the 2022 amendment to Tennessee Code Annotation section 39-17-432(h), which permits a defendant to request drug-free zone resentencing for drug-related offenses which occurred before September 1, 2020. He asserted that the 100% service requirement for his drug-related convictions had since been "overruled" by the legislature, that the 2022 amendment applied retroactively, and that the trial court should modify the service requirement to 30% for his drug-related convictions. On April 16, 2024, the trial court summarily dismissed the motion after determining that the 2022 amendment did not apply retroactively to judgments entered before the amendment became effective. The court noted that the amendment provided a mechanism for a defendant to seek resentencing of a relevant drug-related conviction obtained before the 2022 amendment became effective. As a result, the court determined that the Defendant's sentences were not illegal and that he failed to state a colorable claim for relief pursuant to Rule 36.1. However, the court referred the

Defendant to Code section 39-17-432(h) "for his consideration to seek resentencing." This appeal followed.

The Defendant contends that the trial court erred by denying relief. He argues that Rule 36.1 provides the "proper vehicle" for resentencing pursuant Tennessee Code Annotated section 39-17-432(h). The State responds that the Defendant failed to state a colorable claim for relief because the sentence imposed is not illegal.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

(a)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a motion states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

At the time of the Defendant's drug-related offenses, Tennessee Code Annotated section 39-17-432(b)(1), (3) (2018) (subsequently amended), required enhanced felony classifications and mandatory minimum sentences for illegal drug activity occurring within specific drug-free zones. *See* T.C.A. § 39-17-417 (2018) (subsequently amended) (possession with the intent to sell or to deliver a schedule II controlled substance). The offenses in this case occurred within 1000 feet of a park, which is a prohibited zone, and as a result, the Defendant was subject to the mandatory minimum sentence requirement. *See id*. 39-17-432(b)(3), (c). The Defendant's two drug-related convictions were Class C felonies. The trial court sentenced the Defendant as a Range I offender and imposed within-range sentences of three years for one count and four years for the second count. *See id.* § 40-35-112(a)(3) (2018) ("A Range I sentence . . . [f]or a Class C felony . . . [is] not less than three (3) years nor more than six (6) years[.]"). The Defendant was required to serve 100% of at least the minimum sentence for his appropriate sentencing range, which in this case was three years for each drug-related conviction. *See id*. at (c). The judgments reflect the required three-year mandatory minimum sentence for each conviction. Therefore, the Defendant's mandatory minimum service requirement of three years at 100% service for each conviction was authorized and required by statute at the time of the offenses. *See Wooden*, 478 S.W.3d at 595-96. The Defendant's sentences are not illegal, and he failed to state a colorable claim for relief. The court did not err by summarily dismissing the motion to correct an illegal sentence.

In reaching this conclusion, we have not overlooked that Tennessee Code Annotated section 39-17-432 was amended on September 1, 2020, and April 29, 2022. In relevant part, the 2020 amendment lowered the distance of the drug-free zone from 1000 feet to 500 feet and gave trial courts the discretion to impose enhanced felony classifications and mandatory minimum service requirements. *Id* § 39-17-432(b)(1)(B), (c)(1)-(3) (Supp. 2020) (subsequently amended). Additionally, in 2022, subsection (h) was added to create a procedure for a defendant to request resentencing pursuant to the 2020 amendment for offenses which occurred before September 1, 2020. *See id.* § 39-17-324(h)(1)-(4) (Supp. 2022). In such a proceeding, upon motion by a defendant, a prosecutor, or a trial court, the court is required to hold an evidentiary hearing, at which the defendant bears the burden of showing that the defendant would receive a "shorter period of confinement" if the defendant were sentenced pursuant to the 2020 amendment. *Id*. at (h)(1). At the motion hearing, the trial court must also determine that a new, lower sentence is in the interests of justice, and the court is permitted to consider various statutory criteria in making its determination. *Id*. at (h)(1)(A-D).

The Defendant asserts that the 2020 and 2022 amendments effectively rendered his mandatory minimum sentence requirements illegal. However, the amendments include no such language. Rather, the amended statute merely provides the Defendant with the opportunity to seek resentencing by filing a motion with the trial court. The amended statute does not render the Defendant's previously imposed mandatory minimum service

requirement illegal. In fact, subsection (h) "does not require a court to reduce any sentence." *Id*. at (h)(4). The Defendant failed to state a colorable claim for relief pursuant to Rule 36.1, and he is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE
